UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHRISTIAN URENA,

        Petitioner,

   -against-

COMMISSIONER ANTHONY ANNUCCI,
New York State Department of Corrections &
Community Supervision,

        Respondent.
-----------------------------------------------------------------X

17-cv-2835 (NSR) (JCM)

ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge:

    Christian Urena ("Petitioner"), proceeding *pro se*, seeks a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1, Petition.) Petitioner does not seek to challenge his conviction, sentence or effectiveness of his legal representation which resulted in his detention. Rather, seeks to challenge penalties incurred following a disciplinary hearing which occurred during his confinement at Green Haven Correctional Facility. *Id.* Now pending before the Court is a Report and Recommendation ("R & R"), dated September 25, 2020, issued by Magistrate Judge Judith C. McCarthy ("MJ McCarthy"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition be denied in its entirety. (ECF No. 16.) Petitioner has filed no objections to the R & R. For the following reasons, the Court adopts the R & R, and the petition is DENIED.

## BACKGROUND

    The Court presumes familiarity with the factual and procedural background of this case, including the underlying criminal proceedings and Petitioner's appellate challenges to his conviction. Further details can be found in the R & R, which this Court adopts.

    Petitioner was convicted following a jury trial on April 26, 2001, in N.Y.S. Supreme Court, Bronx County, of second degree murder, attempted second degree murder, and first degree assault. See *People v. Urena*, 35 A.D. 3d 296 (1st Dept. 2006). Petitioner was sentenced to consecutive terms of 25 years to life

and 12 ½ to 25 years, as well as a concurrent term of 10 to 20 years, respectively. *Id.* Petitioner sought leave to appeal from the New York State Court of Appeals, but was denied. *People v. Urena*, 8 N.Y.3d 885 (2007).

During his detention, Petitioner was charged with possession of razor blades and gang material following a search of his cell. Petitioner received two separate misbehavior reports which resulted in disciplinary charges and a hearing. The hearing was conducted by Hearing Officer Bruce Levine ("HO Levine"). Petitioner was assisted by Assistant B. Silverio. Petitioner requested and was provided certain documents. Petitioner requested that three inmates testify on his behalf, but all three refused. All three submitted Refusal to Testify forms, dated November 6, 2012, wherein they indicated they knew nothing about the incident. Upon completion of the hearing, HO Levine found Petitioner guilty on all charges and imposed a penalty of eight months in Special Housing Unit ("SHU") confinement, a loss of eight months of good time credit, as well as loss of package, commissary, and phone privileges for the same period of time. Petitioner appealed his Tier III hearing and penalty to the New York State Department of Corrections and Community Supervisions ("DOCCS"). On February 19, 2013, his appeal was denied, and the penalty affirmed.

## STANDARDS OF REVIEW

### *Habeas Petition Review*

"Habeas review is an extraordinary remedy." *Bousley v. United States*, 523 U.S. 614, 621 (1998). When a claim has been adjudicated on the merits in a state court proceeding, a prisoner seeking habeas relief must establish that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2); *Cousin v. Bennett*, 511 F.3d 334, 337 (2d Cir. 2008). A state court's findings of fact are presumed correct unless the petitioner rebuts the presumption with

clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Nelson v. Walker*, 121 F.3d 828, 833 (2d Cir. 1997).

### *Magistrate Judge's Report and Recommendation*

A magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings or recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "'[t]o accept the report and recommendation of a magistrate, to which *no timely objection* has been made, a district court need only satisfy itself that there is *no clear error* on the face of the record.'" *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (emphasis added) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); *accord Feehan v. Feehan*, No. 09 Civ. 7016 (DAB), 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### DISCUSSION

Here, the R & R was issued on September 25, 2019, and Petitioner had fourteen days from receipt of the R & R to file an objection(s). *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). To date no objections

have been filed. Since no objection was filed, the Court reviews MJ McCarthy's R & R for clear error and has found none.

Construing the Petition broadly, Petitioner seeks to challenge his conviction and judgment following the prison disciplinary proceeding. Petitioner asserted five separate grounds in support of the relief requested, namely: 1) the evidence presented during his disciplinary hearing was insufficient to support the charges; (2) Petitioner was denied his "right to prepare a defense" and to challenge the evidence against him; (3) Petitioner's due process rights were violated when he was charged with and found guilty of smuggling unlawful items; (4) the hearing officer failed to make an independent assessment of the informant's credibility, which formed the basis for the search of his cell; and (5) Petitioner was denied due process when he was not permitted to be present during the search of his prison cell. (Petition at 8–16). As outlined in the R & R by MJ McCarthy, Petitioner's claims lack merit. MJ McCarthy determined that given Petitioner's sentence, any loss suffered by the penalty imposed, loss of good time credit, was meaningless. Petitioner's claim(s) involving loss of privilege are more appropriately presented in a 42 U.S.C. §1983 action. Petitioner previously brought a 42 U.S.C. §1983 lawsuit in this court, alleging similar claims, that was dismissed in its entirety. *See Urena v. Annucci*, No. 16-CV-9708 (NSR), 2018 WL 3863454, at *6 (S.D.N.Y. Aug. 14, 2018).

## CONCLUSION

For these reasons, the Court adopts MJ McCarthy's R & R in its entirety. The petition for a writ of habeas corpus is therefore denied. The Clerk of Court is directed to enter judgment accordingly and close this case.

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259–60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C.

§ 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: October 23, 2020  SO ORDERED:
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge